1  THOMAS AVDEEF, ESQ. [STATE BAR # 88942]
   LAW OFFICE OF THOMAS AVDEEF
2  191 N. CENTER STREET
   ORANGE, CA 92866
3  TELEPHONE:   (714) 288-4194
   FACSIMILE: (714) 744-3820
4  E-MAIL: tashark@aol.com

5

6  Attorney for Plaintiff Frederick J. Lass, and as Executor
   of the Estate of Michael Patrick Lass

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  FREDERICK    J.    LASS,    )  Case   No.:   SACV   08-
    Individually,    and    as  )  1132JVS(ANx)
13  Executor  of  the  Estate   )
    of MICHAEL PATRICK LASS     )
14                              )  FIRST AMENDED COMPLAINT FOR
        Plaintiff,              )  DAMAGES   FOR   VIOLATION   OF
15                              )  FEDERAL        CONSTITUTIONAL
                                )  RIGHTS UNDER COLOR OF STATE
16      vs.                     )  LAW   (42   U.S.C.   §1983)
                                )  VIOLATION   OF   RIGHT   TO
17  COUNTY   OF   ORANGE,       )  FREEDOM OF INTERFERENCE WITH
    MICHAEL   S.   CARONA,      )  PARENT RELATIONSHIP WITHOUT
18  DEPUTY S. PAGE, DEPUTY      )  DUE   PROCESS   OF   LAW,
    WILLIAM     RODRIQUEZ,      )  VIOLATION  OF  RIGHTS  TO
19  DEPUTY JASON VAN DUSEN,     )  PROTECTION    FROM    DEADLY
    DEPUTY  CHARLES  FOOTE,     )  INJURY   WHILE   IN   POLICE
20  DEPUTY MATTHEW STAFFORD,    )  CUSTODY, VIOLATION OF RIGHT
    DEPUTY   MARIO   CASTRO,       TO FREEDOM FROM UNLAWFUL AND
21  DEPUTY  MARK  WEHRI  and       REASONABLE    FORCE,    AND
    DOES   1   through   10,       SUPPLEMENTAL     CALIFORNIA
22  inclusive,                     STATE   LAW   CLAIMS   FOR
                                   WRONGFUL DEATH, NEGLIGENCE,
23      Defendants                 INTENTIONAL    INFLICTION   OF
                                   EMOTIONAL DISTRESS, ASSAULT,
24  _____    BATTERY,  AND  VIOLATION  OF
                                   CAL. CIVIL CODE §52.1
25
                                   JURY TRIAL DEMANDED
26

27      COMES NOW, plaintiff Frederick J. Lass, individually,

28  and as Executor of the Estate of Michael Patrick Lass and

I/S
20

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

1

COMPLAINT FOR DAMAGES

alleges to the honorable court as follows:

## JURISDICTIONAL ALLEGATIONS

1.  This action is brought under 42 U.S.C. §1983, as this court has jurisdiction over this matter under the court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.  The incidents alleged and complained of in this action occurred in the County of Orange, State of California, and within the territorial jurisdiction of this court and venue properly lies with this court pursuant to 28 U.S.C. §1391(b)(2).

3.  As the plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as plaintiff's Federal question claims, this court has jurisdiction over the plaintiff's California state law claims under its supplemental jurisdiction, and otherwise pursuant to *Mine Workers v. Gibbs*, (383 U.S. 715 (1966).

## GENERAL ALLEGATIONS

4.  Plaintiff Frederick J. Lass, hereafter referred to as "plaintiff", is a natural person, who at all times complained of in this action, resides in the County of

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA  92666
(714) 288-4194

2

COMPLAINT FOR DAMAGES

1  Orange, State of California.

2      5.   Frederick J. Lass was at all times complained of

3  herein, the Father of decedent Michael Patrick Lass
4
5  (hereinafter referred to as "deceased"), who was born

6  August 21, 1979.

7      6.   Frederick J. Lass was and is at all times

8  complained of herein, the Executor of the Estate of
9
10  decedent Michael Patrick Lass, who died October 12, 2007,

11  intestate and without issue.

12     7.   Frederick J. Lass is the only surviving parent of

13  decedent Michael Patrick Lass, who died October 12, 2007,
14
15  intestate and without issue.

16     8.   Defendant County of Orange, hereinafter referred

17  to as "County", is a municipal entity located within the

18  State of California, within the territorial jurisdiction
19
20  of this court.

21     9.   Defendant Michael S. Carona, hereafter referred to

22  as "Carona" is, and was at all times complained of in this

23  action, the former elected Sheriff of Orange County,
24
25  California from 1999 to 2007.

26     10.  Carona was the final policymaker and chief

27  policymaking official of the Orange County Sheriff's

28

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA  92666
(714) 288-4194

3

COMPLAINT FOR DAMAGES

1  Department from 1999 through 2007, and was at all times

2  complained of herein, acting under the color of the state

3  law.

4

5       11.   At all times herein mentioned, Orange County

6  Deputy Sheriff Defendants, S. Page, William Rodriquez,

7  Jason Van Dusen, Charles Foote, Matthew Stafford, Mario

8  Castro and Mark Wehri are sued herein as individuals and

9

10 agents, whereupon, as agents were duly appointed and

11 acting for the County of Orange, employed as such, by the

12 Orange County Sheriff's Department and the County of

13 Orange, and were at all material times, acting under color

14

15 of state law, and as the employees, agents, and

16 representatives of each and every other defendant.

17      12. DOES 1 through 10, inclusive, are natural persons

18 whose identities are presently unknown to plaintiffs, who,

19

20 therefore, sues these persons by the fictitious name DOE.

21 When their true names and capacities are ascertained,

22 plaintiff will amend this complaint by inserting their

23 true names and capacities. Plaintiff is informed and

24

25 believes, and thereon alleges, that each of the

26 fictitiously named defendants is responsible in some

27 manner for the occurrences alleged, and that plaintiff's

28

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA  92666
(714) 288-4194

4

COMPLAINT FOR DAMAGES

1  damages as alleged in this complaint were proximately

2  caused by the actions of such defendants.

3      13.   At all times complained of herein, defendants

4  Deputies S. Page, William Rodriquez, Jason Van Dusen,

5  Charles Foote, Matthew Stafford, Mario Castro and Mark

6  Wehri were each acting as individual persons under the

7  color of state law, pursuant to their authority as Deputy

8  Sheriff's and/or custodial officers and/or special

9

10 officers and/or some other type of jailer or custodial

11 officer, supervisors and/or final policy making officials

12 for the County of Orange Sheriff's Department and/or as

13

14 employees of defendant County of Orange, and were acting

15 in the course of and within the scope of their employment

16 with defendant County of Orange, who were in some

17 substantial way liable and responsible for, or otherwise

18

19 caused or participated in the actions complained of by

20 the plaintiffs in this instant action.

21

22     14.   Plaintiff is informed and believes, and thereon

23 alleges, that at all times relevant hereto each of the

24

25 defendants was the agent of each of the remaining

26 defendants, and in doing the things alleged were acting

27 within the course and scope of such agency and with the

28

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

COMPLAINT FOR DAMAGES

1  permission and consent of his or her co-defendants.

2      15.    Plaintiff timely filed his tort claims against

3
4  the County of Orange pursuant to the California Tort

5  Claims Act, Cal. Govt. Code §900 *et seq.*, and said claims

6  were denied by the County of Orange on October 16, 2008.

7  ### FIRST CAUSE OF ACTION

8  ### VIOLATION OF 42 U.S.C. §1983

9
10  **SECTION 1983 WRONGFUL DEATH/VIOLATION OF FOURTEENTH**

11  **AMENDMENT RIGHT TO FREEDOM OF INTERFERENCE WITH PARENT-**

12  **CHILD RELATIONSHIP WITHOUT DUE PROCESS OF LAW**

13  (By plaintiff Frederick J. Lass, Individually,
     Against all defendants and DOES 1 through 10)

14
15      16.    Plaintiff hereby realleges and incorporate by

16  reference the allegations set forth in paragraphs 1

17  through 15, inclusive, above, as set forth in full herein.

18
19      17.    Plaintiff Frederick J. Lass, was the father of

20  plaintiff's deceased, Michael Patrick Lass, and is the

21  Executor of his Estate.

22      18.    Plaintiff's deceased, Michael Patrick Lass, was

23
24  28 years old, male, who was at the time of his death, on

25  October 12, 2007, an inmate at the Orange County Jail,

26  Inmate Intake Center facility.

27      19.    Plaintiff's deceased had been in the Orange

28

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

6

COMPLAINT FOR DAMAGES

County Jail since 4:21 a.m. on October 10, 2007, when he was arrested on an outstanding misdemeanor warrant for drinking in public (Santa Ana Municipal Code 10-33.)

20.    Decedent, under booking number 2414304, was housed in the Inmate Intake Center of the Orange County Jail, operated under the policy and customs of defendants Sheriff Michael S. Carona and County of Orange.

21.    On October 11, 2007, plaintiff's deceased entered a plea of guilty to the charged offense of drinking in public and was sentenced to serve five (5) days in the Orange County Jail with credit for two (2) days served.

22.    At a certain point in time prior to 12:36 p.m., the plaintiff's deceased while housed at the Orange County Jail, Inmate Intake Center was confronted by Deputies S. Page, William Rodriguez, Jason Van Dusen, Charles Foote, Matthew Stafford, Mario Castro, Mark Wehri; and other's.

23.    Plaintiff's deceased, who was otherwise mild mannered, was attacked by Deputies S. Page, William Rodriguez, Jason Van Dusen, Charles Foote, Matthew Stafford, Mario Castro, Mark Wehri and others and was beaten and tasered to death.

24.    Orange County Sheriff, Michael S. Carona, had in

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

COMPLAINT FOR DAMAGES

place, a longstanding custom and unwritten policy and practice of the deputies, jailers, and/or guards of the Orange County Jails, that if an inmate did not move fast enough, respond quickly or for such reasons as: 1) The deputies, jailers and/or guards did not care for the speech of inmates; 2) attitude of inmates; 3) making or filing a grievance against a deputy; jailer and/or guard) and for various other reasons; 5) the deputies, jailers and/or guards would "regulate" the inmate or beat him.

25.  This practice and custom by the deputies, jailers and/or guards was long standing and an unwritten policy that was  passed on and followed by the deputies, jailers and/or guards from working shift to working shift, from day to day and year in and year out.

26.  The deputies, jailers and/or guards ran the Orange County Jails with a blanket of fear of punishment and beatings to control every aspect of the lives of the inmates.

27.  On October 12, 2007, just before the hour of 12:36 p.m.,Deputies S. Page, William Rodriguez, Jason Van Dusen, Charles Foote, Matthew Stafford, Mario Castro, Mark Wehri, and/or other persons at the jail, proceed to beat

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA  92666
(714) 288-4194

8

COMPLAINT FOR DAMAGES

plaintiff's deceased by punching him, kicking him, dragging him, jumping on top of him, choking him, physically restraining him with cuffs, and applying repeated taser shocks of 50,000 volts to his body on at least nine (9) separate occasions. Thereafter, strapping him into a torture chair in order to beat him further, placing a Hanaible Lector mask upon his face to silence his protests and screams from the physical assault and beating, which also restricted his breathing, and then while restrained in the torture chair, taser shocks of 50,000 volts were once again applied to his body.

28.    At approximately 12:36 p.m., Orange County Sheriff's Deputy S. Page was alerted by an inmate that the deceased was acting strangely and/or needed help.

29.    Deputy Page looked into tank 23, cell 7, and observed the deceased on the upper right bunk.    The deceased, upon seeing the deputy, yelled for him to come into the cell.

30.    Deputy Page opened the bar door to cell 7 and the deceased ran from the cell towards Deputy Page's location not fully clothed.

31.    Deputy Page met the deceased at the entry gate of

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA  92666
(714) 288-4194

the North vestibule area, questioned his manner of dress and cursed him out, thereupon ordered him to put his hands in his pockets and face the wall.

32. The deceased was then ordered to place his hands behind his back.

33. Deputy Page began to search the deceased and the deceased was taken down to the floor. He was then positioned face down with his hands under his body.

34. Deputy William Rodriguez arrived on the scene to assist Deputy Page.

35. Both Deputy Page and Rodriguez struck the deceased a number of times, each time with a closed fist, in a show of force in an attempt to punch him into submission.

36. Deputy Jason Van Dusen arrived on the scene and took a position a few feet away holding a taser device in his hands.

37. At approximately 12:43 p.m., Deputy Van Dusen began to deploy his life threatening taser device at the deceased, giving the deceased four (4) to five (5) separate shocks of 50,000 volts of electric current to completely disable him.

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

38.    Deputies Charles Foot and Matthew Stafford arrived on the scene and assisted the other deputies in striking and beating the deceased.

39.    At approximately 12:44 p.m., Mario Castro also arrived on the scene armed with a taser device, model X26, loaded a cartridge and activated a five second, life threatening, drive stun of 50,000 volt taser electric current shock to the deceased upper body.  Deputy Castro applied an additional three (3) to four (4) more life threatening taser shocks to the deceased within seconds of Deputy Van Dusen's taser shocks.

40.    Deputy Mark Wehri also arrived at the scene to join in the application of taser shocking defendant, with a model X 26 taser device, who also applied a life threatening 50,000 volt electric current shock to the deceased body at the same time as Deputies Van Dusen and Castro applied their taser shocks.

41.    Deceased, who was bleeding from the assault, attempted to clear his throat of blood so as to breath while being held face down, had a spitting mask placed over his face further restricting his ability to breath.

42.    The deceased was kept in a supine position with

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

COMPLAINT FOR DAMAGES

his face to the floor until placed in a restrain chair, which at that point deceased was lifeless, having been punched, shocked with 50,000 volt electric current tasers and kept from breathing.

43.    Deputy Wehri applied another taser shock of 50,000 volts to the deceased after he lost consciousness.

44.    Plaintiff's deceased, Michael Patrick Lass' pleas for help and screams of pain went unanswered and were silenced by the procedures and policies of the deputies, jailers and/or guards and use of instruments of torture.

45.    As a result of the overwhelming assault upon plaintiff's deceased, he began to slowly die from his injuries.

46.    The deputies, jailers and/or guards went into a "panic mode" to try and revive the dying Michael Patrick Lass and called for the assistance of the nursing staff at the Inmate Reception Center.

47.    The nursing staff were unable to assist the deputies, jailers, and/or guards to revive the dying Michael Patrick Lass due to a lack of training, equipment failure and experience and put out a 911 call for paramedic assistance.

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

48. Upon the arrival of the Santa Ana Fire Department Paramedical Unit, the dying Michael Patrick Lass' condition was evaluated and it was noted that lividity had set in, indicating that he was already dead, but he was placed on basic life support, when the response to basic life support failed he was placed on advanced life support, they then transported Michael Patrick Lass at 1:35 p.m. to St. Joseph Hospital arriving at 1:40 p.m., wherein the medical staff examined the deceased and were unable to revive the deceased and he was thereafter, at the hour of 1:44 p.m., officially declared dead of the injuries inflicted by the deputies, jailers and/or guards as a result of the beating and taser shocks.

49. At all times complained of herein, County and Sheriff Michael S. Carona knew of the propensities and conduct and custom and policies of it's deputies, jailers and/or guards, and DOES 1 through 10, inclusive, to beat and torture inmates in the Orange County Jails.

50. As a direct and proximate result of the despicable and reprehensible tortuous acts of beating and life threatening taser shocks by Deputies S. Page, William Rodriquez, Jason Van Dusen, Charles Foote, Matthew

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

13

COMPLAINT FOR DAMAGES

1  Stafford, Mario Castro, Mark Wehri and DOES 1 through 10,

2  inclusive, and the custom and policies of County and

3  Sheriff Michael S. Carona carried out by the deputies of

4  the Orange County Jail, Michael Patrick Lass was

5

6  administrated and suffered fatal injuries at the hands of

7  said Deputies.

8      51.   Said violation of plaintiff Frederick J. Lass

9

10  fourteenth amendment due process right to be free from

11  interference with his parent-child relationship

12  proximately resulted in his suffering severe mental,

13

14  emotional and physical distress, pain and suffering, the

15  loss of his relationship with his late son, Michael

16  Patrick Lass, in his incurring medical and psychological

17  costs/bills and expenses, in his incurring funeral and

18

19  burial expenses, and in his incurring other special and

20  general damages, all in an amount to be proven at trial in

21  excess of $10,000,000.00.

22      52.   The actions by said defendants complained of

23  above were done maliciously and in reckless disregard of

24

25  the plaintiff's constitutional rights, sufficient for an

26  award of punitive/exemplary damages against defendants,

27  excluding defendant County of Orange,  in an amount to be

28

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

COMPLAINT FOR DAMAGES

1  shown at trial, in excess of $20,000,000.00.

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. §1983**

**SECTION 1983 WRONGFUL DEATH/VIOLATION OF EIGHTH AMENDMENT RIGHT TO FREEDOM FROM UNREASONABLE/ EXCESSIVE FORCE**

(By Plaintiff Frederick J. Lass, on Behalf of and as Executor of the Estate of Michael Patrick Lass, against all Defendants and DOES 1-10.)

53.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 16 though 52, inclusive, above, as if set forth in full herein.

54. Defendants' actions complained of above and set forth herein, constitute the use of unreasonable/excessive force in violation of the Eighth Amendment on plaintiff's deceased, who was a sentenced inmate serving the remaining three (3) days sentence for drinking in public.

55. Accordingly, the said use of unreasonable/ excessive force and said violations of plaintiff's deceased's right, under the Eighth Amendment, to be free from the use of unreasonable force upon his person caused him to suffer severe physical mental and emotional injuries; distress, pain and suffering, before he passed

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

away (pre-death distress, pain and suffering), and ultimately, his wrongful death on October 12, 2007, all in an amount in excess of $10,000,000.00.

56.    The actions by said defendants complained of above were done maliciously and in reckless disregard of the plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants, excluding the County of Orange, in an amount to be shown at trial, in excess of $20,000,00.00.

**THIRD CAUSE OF ACTION**

**WRONGFUL DEATH (Cal.Civ. Proc.Code §377.60 *et seq.*)**

**Under California State Law**

(By Plaintiff Frederick J. Lass, Individually,
Against all Defendants and DOES 1-10)

57.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 16 through 53  inclusive, above, as if set forth in full herein.

58.    As shown and set forth herein above, said defendants wrongfully, unlawfully and unjustifiably killed and otherwise proximately caused the death of plaintiff's deceased; Michael Patrick Lass, October 12, 2007.

59.    As a direct and proximate result of defendant's actions, above-referenced, plaintiff Frederick J. Lass,

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

16

the father of Michael Patrick Lass, lost his father-son relationship with his late son, Michael Patrick Lass.

60.    Also as a direct and proximate result of defendants' actions, above-referenced, plaintiff Frederick J. Lass, the father of Michael Patrick Lass, incurred medical and psychological costs/bills and expenses, incurred funeral and burial expenses, and incurred other special and general damages, all in an amount to be proven at trial in excess of $10,000,000.00.

61.    The actions by said defendants complained of above were done maliciously, oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants, excluding the County of Orange, in an amount to be shown at trial, in excess of $20,000,000.00.

### FOURTH CAUSE OF ACTION

#### WRONGFUL DEATH (Cal. Civ.Proc.Code § 377.60 *et seq.*)Under California State Law

(By Plaintiff Frederick J. Lass as Executor of the
Estate of Patrick Lass, on Behalf of the Estate
Michael Patrick Lass , Against all Defendants
and DOES 1-10)

62.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 16 through 53 and 57, inclusive, above, as if set forth in

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

17

full herein.

63.   As shown and set forth above, said defendants wrongfully, unlawfully and unjustifiably and otherwise proximately caused the death of plaintiff's deceased; Michael Patrick Lass on October 12, 2007.

64.   Defendants causing the wrongful death of plaintiff's deceased, Patrick Lass, was shocking to the conscience, caused Michael Patrick Lass, to suffer severe physical mental and emotional injuries, distress, pain and suffering, before he passed away (pre-death distress, pain and suffering), and ultimately said use of unreasonable/ excessive force on plaintiff's resulted in Michael Patrick Lass' death on October 12, 2007.

65.   Moreover, plaintiff's deceased, Michael Patrick Lass' untimely death denied his Estate wages and profits and will continue to suffer the loss of the wages and profits that plaintiff's deceased, Michael Patrick Lass, would have earned during his life time.

66.   Moreover, the actions by said defendants complained of above were done maliciously, oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary  damages  against  all  defendants,

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

COMPLAINT FOR DAMAGES

excluding the County of Orange, in an amount to be shown at trial, in excess of $20,000,000.00.

67. Accordingly, said action of defendants complained of above proximately resulted in a loss of compensatory damages to the Estate of Michael Patrick Lass in the amount to be proven at trial in excess of $10,000,000.00.

## FIFTH CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. §1983

## VIOLATION OF EIGHTH AMENDMENT RIGHT TO PROTECTION FROM PHYSICAL INJURY WHILE IN POLICE CUSTODY

(By Plaintiff Frederick J. Lass, on behalf of
and as Executor of Estate of Michael
Patrick Lass, Against all Defendants
and DOES 1-10)

68. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 16 through 53, 57 and 62, inclusive, above, as if set forth in full herein.

69. Defendants violated the plaintiff's deceased's rights under the Eighth Amendment to be free from cruel and unusual punishment, inflicted unnecessarily, wantonly, and relentlessly upon the deceased, to induce pain by use of physical beating and tasers resulting in his death.

70. As shown and set forth herein above, said defendants wrongfully, unlawfully and unjustifiably killed

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

19

and otherwise proximately caused the death of plaintiff's deceased; Michael Patrick Lass, while in custody, on October 12, 2007, in violation of his Eighth Amendment right.

71.    As shown and set forth herein above, during the approximately 59 minute period of time the plaintiff's deceased, was beaten and tasered to death, defendants, Deputy Page, Rodriguez, Van Dusen, Foote, Stafford, Castro, Wehri and DOES 1 through 10 had a clear view and could clearly hear Michael Patrick Lass being beaten and tasered to death.    Notwithstanding the fact, none of said defendants did anything whatsoever to stop or to even ameliorate the beating and tasering of Michael Patrick Lass, allowing it to continue until he was lifeless.

72.    Alternatively, defendants, Deputy Page, Rodriguez, Van Dusen, Foote, Stafford, Castro, Wehri, knowing and aware of the dangers imposed upon the deceased by inflicting unreasonable and unnecessary corporal punishment, by the use of physical beatings and tasers, had a duty to protect the inmate Michael Patrick Lass from continued harm by fellow deputies, jailers, and/or guards in violating of his Eighth Amendment rights.

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

73.   Minimally, therefore, the actions of defendants constitute a deliberate indifference to the well being of Michael Patrick Lass and more probably, the actions of said defendants constituted deliberate conduct, in violation of his Eighth Amendment rights by tasering and beating him resulting in the ultimate death of Michael Patrick Lass; a man in police custody (in the custody of the Orange County Jail), and a man that defendants owed a duty to care for the safety of.

74.   Accordingly, said violations of plaintiff's deceased's Eighth Amendment right to be free from cruel and unusual punishment while in police custody caused Michael Patrick Lass, to suffer severe physical, mental and emotional injuries, distress, pain and suffering, before he passed away (pre-death distress, pain and suffering), as well as loss wages and profits, all in an amount in excess of $10,000,000.00.

75.   The actions by said defendants complained of above were done maliciously and in reckless disregard of the plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against defendants, excluding the County of Orange, in an amount to be shown

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

1 at trial, in excess of $20,000,000.00.

## SIXTH CAUSE OF ACTION

## BATTERY

## Under California State Law

## CIVIL CODE §§3333 AND §3294

(By Plaintiff Frederick J. Lass As
Executor of the Estate of Michael Patrick Lass,
on Behalf Of the Estate of Michael Patrick Lass
against all defendants and DOES 1-10)

76.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 16 through 53, 57, 62, 68, inclusive, above, as if set forth in full herein.

77.   At all times herein mentioned, defendants were acting within the course and scope of their employment and under color of authority when the events described in this complaint occurred.

78.   As shown and set forth herein above, said defendants unlawfully beat-up and beat to death, decedent Michael Patrick Lass , by use of fists, feet and tasers.

79.   The actions of defendants, constituted an intentional, unlawful, harmful, and offensive, unconsented contact with deceased's person.

80.   Said contact caused by defendants constitutes a

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA  92666
(714) 288-4194

1  battery upon Michael Patrick Lass under California state

2  law and Cal. Govt. Code §§815.2(a), 815.6, 820, 820.8.

3

4  81.    Defendants, did not have probable cause,

5  justification or reason to brutalize plaintiff's deceased

6  other than to sadistically inflict pain and suffering upon

7  deceased, who was defenseless, and at times handcuffed and

8  strapped in a restrain chair.

9

10  82.    Said battery caused Michael Patrick Lass to

11  suffer severe physical mental and emotional injuries,

12  distress, pain and suffering, before he passed away (pre-

13  death distress, pain and suffering), as well as lost wages

14  and profits, all in an amount in excess of $10,000.000.00.

15

16  83.    Moreover, the actions by said defendants

17  complained of above were done maliciously, oppressively and

18  constituted despicable conduct; sufficient for an award of

19  punitive/exemplary damages against defendants, excluding

20  the County of Orange, in an amount to be shown at trial,

21  in excess of $20,000,000.00.

22

23  \\\

24  \\\

25  \\\

26

27

28

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

23

COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

## ASSAULT Under California State Law

## CIVIL CODE §§3333, §3204

(By Plaintiff Michael Patrick Lass, Frederick J. Lass, On Behalf of the Estate of Michael Patrick Lass, against all Defendants And DOES 1-10)

84.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 16 through 53, 57, 62, 68, 76, and 81 inclusive, above, as if set forth in full herein.

85.    As shown as set forth herein above, said defendants unlawfully beat-up and beat to death, Michael Patrick Lass by use of fists, feet and tasers.

86.    Before and while Michael Patrick Lass was being beaten, as describe above, Michael Patrick Lass was placed in reasonable fear of receiving a violent and severe personal injury; terrorizing Michael Patrick Lass prior to his dying from said beating and tasers.

87.    Said conduct by defendants constitutes an assault of Michael Patrick Lass under California state law, and Cal. Govt. Code §§815.2(a), 815.6, 820, 820.8.

88.    Said assault caused Michael Patrick Lass to suffer severe physical mental and emotional injuries,

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

distress, pain and suffering, before he passed away (pre-death distress, pain and suffering), as well as lost wages and profits, all in an amount in excess of $10,000,000.00.

89.    Moreover, the actions by said defendants complained of above were done maliciously, oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against defendants, excluding the County of Orange, in an amount to be shown at trial, in excess of $20,000,000.00.

## EIGHTH CAUSE OF ACTION
### Violation of Cal.Civil Code §52.1
### Under California State Law

(By Plaintiff Frederick J. Lass, Individually, And As the Executor of the Estate of Michael Patrick Lass, On Behalf of the Estate of Michael Patrick Lass against all defendants and DOES 1-10)

90.    Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 16 through 53, 57, 62, 68, 76, 81, and 84 inclusive, above, as if set forth in full herein.

91. The actions by defendants interfered with, and/or attempted to interfere with, by threats, intimidation, and coercion, and by the actual use of force, the exercise or enjoyment of plaintiff's rights secured by the Constitution

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

25

and laws of the United States, and of the rights secured by the California Constitution and laws of California, as described above; in violation of Cal.Civil Code §52.1, and Cal. Govt. Code §§815.2(a), 815.6, 820, 820.8.

92. As a direct and proximate result of defendants' actions, above-referenced plaintiff Frederick J. Lass, the father of Michael Patrick Lass, lost his father-son relationship with his late son, Michael Patrick Lass, and suffered severe physical, mental and emotional pain, suffering and distress.

93. Also as a direct and proximate result of defendants' actions, above-referenced, plaintiff Frederick J. Lass, the father of Michael Patrick Lass, incurred medical and psychological costs/bills and expenses, incurred funeral and burial expenses, and incurred other special and general damages, all in an amount to be proven at trial in excess of $10,000,000.00.

94. Said actions by defendants caused Michael Patrick Lass to suffer severe physical mental and emotional injuries, distress, pain and suffering, before he passed away (pre-death distress, pain and suffering), as well as lost wages and profits, all in an amount in excess of

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

26

COMPLAINT FOR DAMAGES

1    $10,000,000.00.

2      95. The actions by said defendants complained of above

3

4    were done maliciously, oppressively and constituted

5    despicable conduct; sufficient for award of punitive/

6    exemplary damages against defendants, excluding the County

7    of Orange, in an amount to be shown at trial, in excess of

8    $20,000,000.00.

9

10      96. In addition, pursuant to Cal.Civil Code §52.1,

11    plaintiffs are entitled to an award of treble (triple)

12    compensatory damages against defendants, excluding the

13    County of Orange.

14

### NINTH CAUSE OF ACTION

### Negligence Under California State Law

(By Plaintiff Frederick J. Lass, Individually,
And As The Executor of the Estate of
Michael Patrick Lass, Against All Defendants
and DOES 1 through 10)

20      97. Plaintiff hereby reallege and incorporate by

21    reference the allegations set forth in paragraphs 16

22    through 53, 57, 62, 68, 76, 81, 84 and 90, inclusive,

23

24    above, as if set forth in full herein.

25      98. At all times complained of herein, County and

26    Sheriff Carona, knew of the propensities of Defendants and

27

28    DOES 1 through 10, inclusive, to beat inmates who did not

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

27

COMPLAINT FOR DAMAGES

1  readily comply with deputies, jailers, and/or guards'

2  orders, or had speech and/or attitude problems.

3  99. Moreover, at all times complained of herein,

4

5  County, Sheriff Carona, (and DOES 1 through 10, inclusive),

6  either knew of or reasonably should have known, of the

7  violent propensities of said deputy sheriff's, jailers,

8  guards, special officers and custodial officers at the

9

10  Orange Jails (and DOES 1 through 10, inclusive) regarding

11  the beating and torturing of inmates at the Orange County

12  Jails by deputy sheriff's, jailers, guards, special

13  officers and custodial officers.

14

15  100. Moreover, at all times complained of herein,

16  County and Sheriff Carona either knew or reasonably should

17  have known of the propensities of deputy sheriff's,

18  jailers, guards, special officers and custodial officers at

19

20  the Orange County Jails to beat inmates for minor

21  infractions and instill fear for control of inmates and not

22  only did nothing to discipline such deputy sheriff's,

23  jailers, guards, special officers and custodial officers at

24

25  the Orange County Jails, or train or otherwise act to

26  prevent them/or admonish them for such conduct, or

27  otherwise to take measures to prevent, or at least reduce,

28

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

28

the frequencies of such beatings and torturing of persons accused of minor infractions of jail rules and unwritten polices, by Orange County Sheriff's Department deputy sheriff's, jailers, guards, special officers and custodial officers, but also actively participated in an ongoing cover-up said torturing and beatings, such as by encouraging the concealment and destruction of evidence that showed such torturing and beatings.

101. County, Sheriff Carona, defendants and DOES 1 through 10, inclusive, had a duty to all inmates at the Orange County Jails, including plaintiff's deceased, to protect them from harm while in Orange County Sheriff's Department custody.

102. County, Sheriff Carona negligently hired, retained, supervised, disciplined, and trained said defendant Deputies S. Page, William Rodriguez, Jason Van Dusen, Charles Foote, Matthew Stafford, and Mario Castro and DOES 1 through 10 inclusive, thereby allowing defendants to brutalize and kill decedent by use of unreasonable force.

103. Said actions by said defendants, as set forth above and below, constitute a breach of said defendants'

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

29

1  duty to use due care toward plaintiff's deceased, under

2  California state law, and Govt. Code §§815.2, 815.6, 820,

3  820.8.

4

5  104.  As a direct and proximate result of defendants'

6  actions, above-referenced, plaintiff Frederick J. Lass, the

7  father of Michael Patrick Lass, lost his father-son

8  relationship with his late son, Michael Patrick Lass (via

9

10  the killing of him), and suffered severe physical, mental

11  and emotional pain, suffering and distress.

12  105.  Also as a direct and proximate result of

13  defendants' actions, above referenced, plaintiff Frederick

14  J. Lass, the father of Michael Patrick Lass, incurred

15

16  medical and psychological costs/bills and expenses,

17  incurred funeral and burial expenses, and incurred other

18  special and general damages, all in an amount to be proven

19

20  at trial in excess of $10,000,000.00.

21  106.  Said actions by defendants caused Michael Patrick

22  Lass to suffer severe physical mental and emotional

23  injuries, distress, pain and suffering, before he passed

24

25  away (pre-death distress, pain and suffering), as well as

26  loss wages and profits, all in the amount in excess of

27  $10,000,000.00.

28

THOMAS AVDEEF
ATTORNEY AT LAW
15B N. CENTER
ORANGE, CA 92666
(714) 288-4194

COMPLAINT FOR DAMAGES

1 | \\\

## TENTH CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. §1983

### SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN

### INDIVIDUAL CAPACITY

(By Plaintiff Frederick J. Lass, Individually, and as the Executor of the Estate of Michael Patrick Lass, on Behalf of the Estate of Michael Patrick Lass, Against Defendants Carona DOES 1-10, inclusive)

107.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 16 through 53, 57, 62, 68, 76, 81, 84, 90, 97 through 102 inclusive, above, as if set forth in full herein.

108.   As alleged above, Carona was and is the elected Sheriff of Orange County, California, from 1999 through 2007.

109.   Also as alleged above, Sheriff Carona either caused to come into existence, or perpetuated and/or augmented and/or aggravated and/or condoned, the policies, practices, usages and customs of the Orange County Sheriff's Department for subjecting inmates to being tortured and beaten by deputy sheriffs, jailers, guards, special officers and other custodial officers, at the Orange County Jails.

110.   Also as alleged above, Carona set in motion a

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA  92666
(714) 288-4194

COMPLAINT FOR DAMAGES

series of acts by his subordinates, that he knew or reasonably should have known would cause said subordinates to deprive the plaintiff/plaintiff's deceased, of their constitutional rights, such as the right to be free from being subjected to unreasonable force and punishment in violation of the Eighth Amendment and the right to be free from interference with plaintiff's parent-child relationship, and to deprive other persons similarly situated, of the violation of their constitutional rights.

111.   In the alternative, Sheriff Carona knew, or reasonably should have known, that his subordinates were engaging in acts of torturing and beating inmates, at the Orange County Jails; and failed to act to prevent his subordinates from engaging in such conduct, that deprived the plaintiff/plaintiff's deceased, and others similarly situated, of their constitutional rights.

112.   Accordingly, said violations of plaintiffs' and plaintiff's deceased's rights to be free from the use of unreasonable force upon his person by defendant Deputies S. Page, William Rodriguez, Jason Van Dusen, Charles Foote, Matthew Stafford, Mario Castro and Mark WEHRI and Does 1 through 10, caused them

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

32

1  to suffer severe physical mental and emotional injuries,

2  distress, pain and suffering, before plaintiff's deceased

3  passed away (pre-death distress, pain and suffering), and

4  ultimately, caused plaintiff's deceased's death, all in

5  an amount in excess of $10,000,000.00.

7     113.   The actions by said defendants complained of

8  above were done maliciously and in reckless disregard of

9  the plaintiffs' constitutional rights, sufficient for an

10  award of punitive/exemplary damages against defendants,

11  excluding the County of Orange,  in an amount to be shown

12  at trial, in excess of $20,000,000.00.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. §1983**

**SECTION 1983 CLAIM AGAINST COUNTY OF ORANGE BASED ON**

**POLICY OF FAILURE TO TRAIN**

(By Plaintiff Frederick J. Lass, Individually,
and as the Executor of the Estate of Michael
Patrick Lass, on Behalf of the Estate of
Michael Patrick Lass, Against Defendant County)

22     114.   Plaintiffs hereby reallege and incorporate by

23  reference the allegations set forth in paragraphs 16

24  through 532, 57, 62, 68, 76, 81, 84, 90, 97 through 102,

25  107 through 111, inclusive, above, as if set forth in

26  full herein.

28     115.   As alleged above, defendants Deputies S. Page,

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

33

William Rodriguez, Jason Van Dusen, Charles Foote,

Matthew Stafford, Mario Castro, Mark Wehri and DOES 1

through 10, inclusive, at all time complained of herein,

acted under the color of authority and state law.

116.   The training policies of the defendant COUNTY

were not adequate to train it's deputy sheriffs, guards,

jailers, special officers and custodial officers who

worked the Orange County Jails to handle the usual and

recurring situations with which they must deal, as

described above.

117.   COUNTY was deliberately indifferent to the

obvious consequences of its failure to train its deputy

sheriffs, jailers, guards, special officers and other

custodial officers, who worked at the Orange County

Jails.

118.   Accordingly, said failure of defendant COUNTY

to adequately train its deputy sheriffs, jailers, guards,

special officer and other custodial officers, who worked

at the Orange County Jails, caused the violations of

plaintiffs' and plaintiff's deceased's rights to be free

from the use of unreasonable force and punishment upon

his person by defendant Deputies S. Page, William

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

34

1    Rodriguez, Jason Van Dusen, Charles Foote, Matthew

2    Stafford, Mario Castro, Mark Wehri and Does 1 though 10,

3    that caused them to suffer severe physical mental and

4    emotional injuries, distress, pain and suffering, before

5    plaintiff's deceased passed away (pre-death distress,

6

7    pain and suffering), and ultimately, caused plaintiff's

8    deceased's death, all in the amount in excess of

9    $10,000,000.00.

10

11        **WHEREFORE**, plaintiffs pray for judgment against all

12   defendants, and each of them, as to each cause of action,

13   as follows:

14

15       1.   That plaintiffs be awarded a judgment against all

16   defendants for compensatory damages, including treble

17   compensatory damages (excluding County for treble

18   damages), in an amount  to be proven at trial, in

19   excess of $20,000,000.00.

20

21       2.   That plaintiffs be awarded a judgment against all

22   defendants except defendant County of Orange for

23   punitive/exemplary damages in an amount in to be

24   proven at trial, in excess of $20,000,000.00.

25

26       3.   That plaintiffs be awarded reasonable attorney's

27   fees and costs of suit herein;

28

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

4.   That plaintiffs be given a trial by jury; and

5.   That the honorable court make and award such

Other relief as this honorable court deems just

and equitable.


Dated: February 25, 2009

                              LAW OFFICE OF THOMAS AVDEEF


                              _____
                              Thomas Avdeef, Attorney for
                              Plaintiff Frederick J. Lass

THOMAS AVDEEF
ATTORNEY AT LAW
158 N. CENTER
ORANGE, CA 92666
(714) 288-4194

36

COMPLAINT FOR DAMAGES